IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CATHY D. BROOKS-MCCOLLUM, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 04-703 JJF |
| | : | |
| EMERALD RIDGE SERVICE | : | |
| CORPORATION, KENNETH SHAREEF, | : | |
| RENFORD BREVETT, RUTH | : | |
| VISVARDIS, MAUDY MELVILLE, | : | |
| VALERIE LONGHURST, MARK | : | |
| MARTELL, FERRY, JOSEPH & | : | |
| PEARCE, EDWARD F. KAFADER, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

On January 11, 2005, the Court issued a Memorandum Opinion (D.I. 47) and Order (D.I. 48) granting Defendants' Motions To Dismiss (D.I. 34 and 37) for lack of federal subject matter jurisdiction. Subsequently, Plaintiff filed the following four motions. For the reasons discussed, the Court will deny the Motions.

**I. Plaintiff's Motion To Correct The Content Of The Paragraph Labeled Background (D.I. 49)**

Plaintiff has filed a Motion To Correct The Content Of The Paragraph Labeled Background (D.I. 49). Because Plaintiff restates this Motion in her subsequent Corrective Motion (D.I. 52), the Court will address this contention below with the Corrective Motion.

**II. Plaintiff's Corrective Motion (D.I. 52)**

Plaintiff's Corrective Motion (D.I. 52) contains the

following requests.[1]

A.  <u>Plaintiff's request that the Court correct the caption</u>

Plaintiff requests that the Court amend the caption of the pleadings such that "Plaintiff" is changed to "Plaintiff(s)" to include Emerald Ridge Service Corporation.  The Court concludes, however, that in a shareholder derivative action brought under Delaware law, the corporation is named as a nominal defendant, rather than as a plaintiff.  <u>Maldonado v. Flynn</u>, 413 A.2d 1251, 1255 (Del. Ch. 1980), *rev'd on other grounds*, <u>Zapata Corp. v. Maldonado</u>, 430 A.2d 779 (Del. 1981).  Further, the Court notes that the caption reflects the Complaint as it was filed.  Accordingly, the Court will deny Plaintiff's request to amend the case caption.

B.  <u>Plaintiff's request that the Court correct its Order denying Plaintiffs' Motion To Amend</u>

In its January 11, 2005, Memorandum Opinion and Order, the Court denied Plaintiffs Motion To Amend Complaint (D.I. 44) for failing to comply with the requirement of Local Rule 15.1. Plaintiff contends that the Court should correct the Order because (1) the Court's January 11, 2005, Memorandum Opinion

---

[1] Defendant's construe Plaintiff's corrective motions as motions to alter or amend judgment and contend that they are untimely filed because they were required to be filed within 10 days of the docketing of the Court's January 11, 2005 order. However, the Court's January 11, 2005 Order was not docketed until January 14, 2005, and there was a federal holiday on January 17, 2005.  Accordingly, Plaintiff's motions, if construed as Rule 59(e) motions, were due on January 31, 2005, and thus, they are timely.

treated the Complaint as amended and (2) Plaintiff complied with Rule 15.1 because she included the amendments in her Civil Cover Sheet and in her brief. The Court concludes, however, that Plaintiff did not comply with Rule 15.1, because her Motion failed to enclose a copy of the pleading as proposed to amend. Accordingly, the Court will deny Plaintiff's request for correction.

C. <u>Plaintiff's request that the Court correct the section of the Memorandum Opinion entitled Background</u>

In the Background section of its January 11, 2005, Memorandum Opinion, the Court referred to Plaintiff as a "former" member of the Board. Plaintiff contends that she is a current member of the Board and that the Memorandum Opinion should be revised to reflect this fact. The Court concludes that the reference to Plaintiff as a former member of the Board is not critical to the Court's decision, and therefore, the Court will deny Plaintiff's request for a correction of the Court's decision.

D. <u>Plaintiff's request that the Court correct its opinion that private individuals cannot be sued as part of the violations committed by Defendants</u>

Next, Plaintiff contends that the Court's January 11, 2005, Memorandum Opinion erroneously held that private individuals cannot be sued under 42 U.S.C. § 1983. Because Plaintiff restates this contention in her subsequent Motion For Reconsideration Of Stay (D.I. 53), the Court will address this

issue in full in its discussion of the Motion for Reconsideration of Stay.

    E.   <u>Plaintiff's request that the Court rule on which Delaware Court has jurisdiction over Plaintiff's state law claims</u>

Finally, Plaintiff contends in her Corrective Motion that the Court should rule on which Delaware Court has jurisdiction over Plaintiff's state law claims. The Court, however, has ruled that it does not have subject matter jurisdiction over the instant action. Thus, the Court cannot direct Plaintiff to a Delaware state court that may have jurisdiction over Plaintiff's state law claims. Accordingly, the Court will deny Plaintiff's request.

**III. Plaintiff's Motion For Reconsideration Of Stay (D.I. 53)**

Plaintiff also filed a Motion For Reconsideration Of Stay contending that the Court erred in its decision that private individuals cannot be sued under section 1983. Plaintiff, however, misunderstands the Court's reasoning. Plaintiff is correct that a section 1983 claim may be brought against an individual. However, such a claim requires the individual to have been acting under "color" of state law when the alleged deprivation of the constitutional right occurred. <u>Gonzaga Univ. v. Doe</u>, 536 U.S. 273, 284-85 (2002) (recognizing that Section 1983 is not a source of substantive rights, but a means to redress violations of federal law by state actors). Plaintiff has failed to establish that the individual Defendants were state

actors or that they acted under color of state law.[2] Accordingly, the Court will deny Plaintiff's Motion For Reconsideration.

### IV. Plaintiff's Motion To Correct (D.I. 54)

Finally, Plaintiff filed a Motion To Correct (D.I. 54) contending that the Court should change the caption of the case to read "Cathy D. Brooks-McCollum & for Emerald Ridge Service Corporation (Derivative)." For the reasons discussed earlier, the Court will deny Plaintiff's request to amend the caption of this action.

NOW THEREFORE, IT IS HEREBY ORDERED this 25 day of August 2005, that:

1. Plaintiff's Motion To Correct The Content Of The Paragraph Labeled Background (D.I. 49) is **DENIED**.

2. Plaintiff's Corrective Motion (D.I. 52) is **DENIED**.

3. Plaintiff's Motion For Reconsideration Of Stay (D.I. 53) is **DENIED**.

4. Plaintiff's Motion To Correct (D.I. 54) is **DENIED**.

/s/ Joseph Farnan
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff cites to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Under <u>Bivens</u>, an individual may be sued for unconstitutional conduct, if the conduct was committed by an individual as a federal official acting under color of federal law. However, Plaintiff has made no allegations to support a <u>Bivens</u> claim.