NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-1264

CATHY D. BROOKS-MCCOLLUM, on behalf of
Emerald Ridge Service Corporation
Derivative Action as a Director,
Appellant

v.

EMERALD RIDGE SERVICE CORPORATION
BOARD OF DIRECTORS, Excluding Plaintiff;
KENNETH SHAREEF; RENFORD BREVETT;
MAUDY MELVILLE; VALERIE LONGHURST;
MARK MARTELL; RUTH VIVARDIS;
FERRY JOSEPH & PEARCE; EDWARD KAFADER

Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 04-cv-00703)
District Judge: Honorable Joseph J. Farnan, Jr.

Submitted Under Third Circuit LAR 34.1(a)
December 8, 2005

Before:  RENDELL, FISHER and GREENBERG, Circuit Judges

(Filed: February 10, 2006)

OPINION OF THE COURT

RENDELL, *Circuit Judge*.

This case arises out of a dispute between Cathy Brooks-McCollum, a resident of the Emerald Ridge residential development in Bear, Delaware, and the Board of Directors of the corporation that manages the development, Emerald Ridge Service Corporation ("Emerald Ridge"). Brooks-McCollum originally sued the directors in the Delaware Court of Chancery and Delaware Superior Court, alleging various breaches of the directors' fiduciary duties to the corporation. After the Chancery Court denied Brooks-McCollum's motion for advancement of legal fees from Emerald Ridge for the cost of pursuing her claims, Brooks-McCollum filed the complaint in this case against the board of directors of Emerald Ridge, the individual directors and the attorney and law firm that represented the directors before the Delaware Chancery Court. The District Court dismissed her claims for lack of subject matter jurisdiction, and she now appeals.[1] We will affirm.

Brooks-McCollum asserts that the District Court had federal question jurisdiction. Yet her complaint alleges quintessential state law causes of action: slander, violations of provisions of the Delaware criminal code, questions of corporate governance, and violations of the Delaware Code of Professional Conduct. Her citation of various

---

[1] It is unclear whether Brooks-McCollum also appeals the District Court's denial of her motion to amend her complaint. In any event, we find that the District Judge acted within his discretion when he denied the motion because Brooks-McCollum failed to comply with local rules requiring the plaintiff to provide the court with a copy of the proposed amendments. *See Lake v. Arnold*, 232 F.3d 360, 374 (3d Cir. 2000) (concluding that "failure to provide a draft amended complaint would be an adequate basis on which" a district court could deny plaintiff's motion to amend).

constitutional and federal statutory provisions does not transform these state law claims into causes of action "arising under" the Constitution or federal law. 28 U.S.C. § 1331. As the District Court properly noted, the statutes that Brooks-McCollum cites are largely irrelevant–they are either non-jurisdictional, *e.g.*, 28 U.S.C. §§ 1391, 1401 (regarding venue), or unrelated to the allegations of her complaint, *e.g.,* 28 U.S.C. §§ 1357 (jurisdiction over revenue and voting rights cases); *id.* at § 1344 (jurisdiction over election disputes); *id.* at § 1350 (jurisdiction over alien tort claims).

Brooks-McCollum's appeals to the Constitution are similarly unavailing. The Supreme Court has repeatedly "insisted that the conduct allegedly causing the deprivation of a federal right be fairly attributable to the State." *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982). Thus,

> [T]he party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

*Id.* The defendants in this case, the board and individual directors of a private corporation, and their attorneys, do not in any way qualify as "state actors."

"The person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993). Because Brooks-McCollum has not set forth any basis upon which we could conclude that the District Court had jurisdiction, we will affirm the dismissal of her complaint.